Attorney General Loving has asked me to respond to your request for an Attorney General opinion regarding several issues concerning maternity leave for school administrators. Because your questions may be answered by reference to controlling statutes, this office has determined your request should be answered through this informal letter.
The discussion which follows is not an official opinion of the Attorney General. Rather, the following analysis and conclusions, while solely my own, have been reached after careful research of the questions you have raised.
In your letter you asked, in effect, the following questions:
 1. Are teachers and administrators considered the same for the purposes of 70 O.S. 6-104 and 70 o.s. 6-104.5 (1991) concerning the extended payment of a contract salary for the taking of maternity leave?
 2. Would the provisions of the 1978 United States Pregnancy Discrimination Act make a difference in the response to question one?
 3. If an administrator or employee of a school district is entitled to the same provision of extended salary payments (up to twenty days), would that extension then be retroactive to the date immediately subsequent to such person's last day of accumulated sick leave?
To determine if administrators and teachers have the same benefit options as set forth in 70 O.S. 6-104 and 70 o.s. 6-104.5 it is important to look at the controlling statutes. Section 6-104.5 provides in pertinent part that:
 "A. If, after exhausting all sick leave, a teacher is absent from his or her duties due to personal accidental injury, illness or pregnancy, the teacher shall receive for a period of not to exceed twenty (20) days his or her full contract salary less the amount:
 1. actually paid a certified substitute teacher for his or her position if a certified substitute teacher is hired; or
 2. normally paid a certified substitute teacher for his or her position if a certified substitute teacher is not hired."
Title 70 O.S. 6-101.3 (1991) provides in pertinent part as follows:
 "1. "Administrator" means a duly certified person who devotes a majority of time to serve as a superintendent, elementary superintendent, principal, supervisor, vice principal or in any other administrative or supervisory capacity in the school district;
 8. "Teacher" means a duly certified or licensed person who is employed to serve as a counselor, librarian or school nurse or in any instructional capacity; an administrator shall be considered a teacher only with regard to service in an instructional, nonadministrative capacity."
As indicated in the above prefatory language, these definitions are to be used throughout Article VI of the Oklahoma School Code (70 O.S. 6-101 et seq., as amended). Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase whenever it occurs, except where contrary intention plainly appears. Oliver v. City of Tulsa, 654 P.2d 607, 611
(Okla. 1982). Since there appears to be no contrary intention, the definitions of "administrator" and "teacher" are to be used throughout the statute.
Title 70 O.S. 6-104(A)/70 o.s. 6-104(b)/70 o.s. 6-104(c) and 70 o.s. 6-104.5 specifically use the term "teachers" when providing the mandatory leave benefits and extended salary. No mention of other personnel is found in those subsections. Consequently, 70 O.S. 6-104(A)(B) and (C) and 6-104.5 clearly address teacher leave benefits. However, section 70 O.S. 6-104(D) begins: "A school district shall also provide for benefits for personnel other than teachers." The section proceeds to describe a list of mandatory benefits for support personnel. Section 70 O.S. 6-101.40 defines support employee as:
 "(a) full-time employee of a school district . . . who provides those services, not performed by professional educators or licensed teachers, which are necessary for the efficient and satisfactory function of a school district."
The list, similar to the one regarding mandatory teacher benefits, specifically mandates certain minimum benefits for support personnel. Although the first sentence in the subsection states that benefits shall be provided to "personnel other than teachers", it does not give a list of mandatory leave benefits to be given to administrators. Consequently, it appears that the legislature did not grant any specific mandatory benefits for administrators.
In summary, the terms "teacher" and "administrator" are distinct and cannot be interchanged in the statute. Although the statute directs that teachers and support personnel are entitled to specific mandatory leave benefits, nothing in the applicable statutes specifically addresses mandatory leave benefits for administrators.
Your question regarding the impact of the 1978 Pregnancy Discrimination Act on question one must be analyzed by looking at Title 42 U.S.C.a. 2000e-2(a)(1) and 42 u.s.c.a. 2000e(k). Section 42 u.s.c.a. 2000e-2(a)(1) provides:
 "It shall be an unlawful employment practice for an employer to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin(.)"
Section 42 u.s.c.a. 2000e(k) provides in part:
 "(k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes, including receipt of benefits under fringe benefit programs, as other persons are not so affected but similar in their ability or inability to work(.)"
The Seventh Circuit Court of Appeals in United States of America v. Board off Education of the Consolidated High School District 230. Palos Hills. Illinois and Illinois Education Association Consolidated High School District 230 Teachers' Association 983 F.2d. 790 (7th Cir.1993), analyzed the Pregnancy Discrimination Act as it related to an individual school district. The court stated that:
 "The Pregnancy Discrimination Act ("PDA"), which amended Title VII extends the prohibition in Title VII against gender based discrimination to include discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions. . . ." 42 U.S.C.a. 2000e(k).
 The PDA further provides that women affected by such medical conditions "shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work(.)"
The Pregnancy Discrimination Act ensures that pregnant women are treated the same as other employees for all employment-related purposes. The statute prohibits employers from discriminating against women because of pregnancy, childbirth, or related medical conditions by offering superior benefits for conditions unrelated to pregnancy. However, the Pregnancy Discrimination Act does not impact your question of whether teachers and administrators must receive the same leave benefits. The Pregnancy Discrimination Act prohibits discrimination that is gender-based, but gender is not an issue when addressing maternity benefits for teachers as compared to maternity benefits for administrators.
Since the specific benefits discussed in 70 O.S. 6-104 and 70 O.S. 6-104.5 do not apply to administrators, question three regarding entitlement to extended salary payments is not applicable.
It is, therefore, the opinion of the undersigned attorney that the term "administrator" is not interchangeable with the term "teacher" in 70 O.S. 6-104 and 70 O.S. 6-104.5; thus, the extended payment of the contract salary for taking maternity leave applies only to teachers.
It is also the opinion of the undersigned attorney that the 1978 United States Pregnancy Discrimination Act does not impact question one regarding whether all classes of employees must receive the same maternity benefits.
(L. Michelle Stephens)
1 The above discussion should not be viewed as absolutely precluding such benefits for administrators. Pursuant to 70 O.S. 5-117(A)(14) (1993), a school district could provide this benefit to an administrator as part of his or her other compensation package set forth in the contract. The prefatory language in 70 O.S. 6-104(D) supports this conclusion.